**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| **PATRICIA CORCORAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | No.    07 C 7027 |
| v. | ) | |
| | ) | |
| **CANADA LIFE ASSURANCE** | ) | Judge Leinenweber |
| **COMPANY, LONG-TERM** | ) | |
| **DISABILITY PLAN; JEFFERSON** | ) | Magistrate Judge Keys |
| **PILOT FINANCIAL INSURANCE** | ) | |
| **COMPANY, in its capacity as** | ) | |
| **Administrator of the Plan,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Defendants, CANADA LIFE ASSURANCE COMPANY, incorrectly named as CANADA LIFE ASSURANCE COMPANY, LONG-TERM DISABILITY PLAN ("Canada Life") and JEFFERSON PILOT FINANCIAL INSURANCE COMPANY ("Jefferson Pilot")(collectively, "defendants"), by their attorneys, Michael J. Smith and Warren von Schleicher, hereby answer the Complaint filed by plaintiff, PATRICIA CORCORAN ("Corcoran" or "plaintiff") and state as follows:

Count I
Breach of Contract

1.      This is a Complaint for Breach of a Disability Insurance Contract issued by the defendants to the plaintiff to provide monthly disability income benefits to Plaintiff if she became disabled.

ANSWER:     Defendants admit that plaintiff's Complaint alleges a breach of contract action against defendants regarding monthly disability income benefits that plaintiff contends are due to

her by defendants; except as admitted, defendants deny the remaining allegations contained in paragraph 1 of Count I of plaintiff's Complaint.

2. Patricia Corcoran, the Plaintiff and the insured, is a resident of Cook County, Illinois.

ANSWER: Defendants admit the allegations contained in paragraph 2 of Count I of plaintiff's Complaint.

3. The Defendants, Canada Life Assurance Company, insurer of the Canada Life Assurance Company Disability Insurance Plan, and Jefferson Pilot Financial Insurance Company are authorized and engaged in insurance business in the State of Illinois and in Cook County.

ANSWER: Defendants admit that Canada Life is the insurer of the policy at issue in this litigation and that Canada Life and Jefferson Pilot are authorized and engaged in the insurance business in the State of Illinois and Cook County; except as admitted, defendants deny the remaining allegations contained in paragraph 4 of Count I of plaintiff's Complaint.

4. For and in consideration of premiums paid, the Defendants issued Plaintiff a policy of disability income insurance ("Policy") providing for payment of monthly indemnity in the event Plaintiff becomes disabled under the terms of the policy. (Exhibit).

ANSWER: Defendants admit that, for and in consideration of premiums paid, Canada Life issued a policy of disability income insurance to the Housing Authority of Cook County providing for payment of monthly indemnity in the event the insureds under the policy, including the plaintiff, becomes disabled under the terms of the policy; except as admitted, defendants deny the remaining allegations contained in paragraph 4 of Count I of plaintiff's Complaint.

5. "Disabled" is defined in the policy as:

<u>Standard Disabled and Disability – excluding aircraft crew</u>

"Disabled" and "disability" mean that, due to injury, disease, illness, pregnancy or mental disorder, the person is either totally disabled or partially disabled.  The loss of a professional or occupational license does not, in itself, constitute disability.

"Totally disabled" means that the period [sic] is unable to work and fulfill either of two conditions below:

Condition 1 – During the elimination period and for the next 24 months after the elimination period in a continuous period of disability, the person is unable to perform the substantial and material duties of this [sic] own occupation, or

Condition 2 – After the elimination period plus the next 24 months in a continuous period of disability, the person is unable to perform the substantial and material duties of any occupation for which he is qualified in view of his age, education, experience, and physical and mental capacity.

"Partially Disabled" means that the person fulfills all of the three conditions below:

Condition 1 – The person was totally disabled for the entire elimination period, and

Condition 2 – The person is unable to perform with reasonable continuity the substantial and material duties of:

a. his own occupation, for the first 24 months after the elimination period in a continuous period of disability, or

b. any occupation for which he is qualified in view of his age, education, experience, and physical and mental capacity, after the elimination period plus the next 24 months in a continuous period of disability, and

Condition 3 – The person becomes employed and is unable to earn more than 80% of his indexed pre-disability monthly earnings.

"Elimination period" is the period that the person must have actually been disabled during a continuous period of disability before he may receive payments under this policy.  It will not include any period that is described in the Limitations provision.  The elimination period under this policy is 180 days.

ANSWER: Defendants admit that the policy contains provisions related to disability and the elimination period and that the policy states that which it states; except as admitted, defendants deny the remaining allegations contained in paragraph 5 of Count I of plaintiff's Complaint.

6. In consideration of premiums paid, said policy has remained in full force and effect from the date of its inception.

ANSWER: Defendants admit the allegations contained in paragraph 6 of Count I of plaintiff's Complaint.

7. On April 29, 2003, Plaintiff's last date of work, Plaintiff was employed as a Housing Manager for The Housing Authority of Cook County.

ANSWER: Defendants admit that for some period of time, plaintiff was employed as a Housing Manager for The Housing Authority of Cook County; except as admitted, defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 6 of Count I of plaintiff's Complaint.

8. On April 30, 2003, Plaintiff was in an automobile accident.

ANSWER: Defendants admit the allegations contained in paragraph 8 of Count I of plaintiff's Complaint.

9. Subsequently, Plaintiff has been unable to work because she sustained fractures of her cervical vertebrae along with several ribs, a lacerated liver and a right wrist injury. The plaintiff suffers from neuropathy (severe), diabetes, mellitus (poorly controlled with retinopathy and leg edema), hypertension, chronic low back pain (severe), osteoarthritis that presents in major joints including knees bilaterally. Plaintiff is also morbidly obese with obstructive sleep apnea and hypercholesterolemia, and suffers from gastroesophageal reflux disease, depression, anxiety and cervicogenic and migraine headaches.

ANSWER: Defendants admit that, for a period of time, plaintiff was unable to work due to the injuries she sustained in the auto accident and that plaintiff has certain medical conditions; except as admitted, defendants deny the remaining allegations contained in paragraph 9 of Count I of plaintiff's Complaint.

10. As a result thereof, Plaintiff submitted a timely claim, alleging entitlement to benefits, based upon disability as defined by the policy which prevented her from working beyond the elimination period, which ended October 27, 2003.

ANSWER: Defendants admit that plaintiff submitted a timely claim that alleged entitlement to benefits; except as admitted, defendants deny the remaining allegations contained in paragraph 10 of Count I of plaintiff's Complaint.

11. Despite the submission of extensive medical and other evidence in support of her claim, and despite the fact that the Social Security Administration has made a finding that the Plaintiff is totally disabled, the Defendants have denied benefits under the Policy to Plaintiff.

ANSWER: Defendants admit that plaintiff submitted medical records, that the Social Security Administration made a finding of disability and that defendants have declined to pay total disability benefits to the plaintiff under the Policy; except as admitted, defendants deny the remaining allegations contained in paragraph 11 of Count I of plaintiff's Complaint.

12. As a result of the foregoing, there is due and owing to the Plaintiff by reason of Defendants' breach of the foregoing contract of insurance, payments due since approximately October 27, 2003; as well as well as [sic] interest payable thereon at a rate of 9% per annum pursuant to 215 ILCS 5/357.9. In addition thereto, Plaintiff is entitled to declaratory judgment declaring her ongoing entitlement to monthly benefits as long as she continues to meet the terms and conditions of the insurance policy.

ANSWER: Defendants deny the allegations contained in paragraph 12 of Count I of plaintiff's Complaint.

WHEREFORE, defendants, CANADA LIFE ASSURANCE COMPANY, incorrectly named as CANADA LIFE ASSURANCE COMPANY, LONG-TERM DISABILITY PLAN and JEFFERSON PILOT FINANCIAL INSURANCE COMPANY, request that the court deny plaintiff's requests and, in particular, that the court deny plaintiff's request for judgment in any amount and that the court deny plaintiff's requests for costs of suit; in addition, defendants request that the court enter an order dismissing plaintiff's Complaint, with prejudice, and award defendants their costs wrongfully incurred herein.

## COUNT II
Unreasonable and Vexatious Delay
215 ILCS 5/155

1. – 12.   Plaintiff re-alleges Paragraphs 1. – 12. of Count II.

ANSWER: Defendants restate their answers to paragraphs 1 through 12 of Count I as their Answers to 1 through 12 of Count II.

13.   The Defendants are guilty of unreasonable and vexatious delay in their refusal to pay disability income benefits to the Plaintiff.

ANSWER: Defendants deny the allegations contained in paragraph 13 of Count II of plaintiff's Complaint.

14.   The Plaintiff is entitled to recover statutory penalties and attorneys' fees pursuant to 215 ILCS 5/155.

ANSWER: Defendants deny the allegations contained in paragraph 14 of Count II of plaintiff's Complaint.

WHEREFORE, defendants, CANADA LIFE ASSURANCE COMPANY, incorrectly named as CANADA LIFE ASSURANCE COMPANY, LONG-TERM DISABILITY PLAN and JEFFERSON PILOT FINANCIAL INSURANCE COMPANY, request that the court deny plaintiff's requests and, in particular, that the court deny plaintiff's request for judgment in any amount, that the court deny plaintiff's request for costs of suit, that the court deny plaintiff's request for penalties and interest, that the court deny plaintiff's request for the maximum allowable penalty pursuant to 215 ILCS 5/155 and that the court deny plaintiff's request for attorneys' fees and court costs; in addition, defendants request that the court enter an order dismissing plaintiff's Complaint, with prejudice, and award defendants their costs wrongfully incurred herein.

Respectfully submitted,

By:   /s/ Michael J. Smith
        Attorney for Defendants, Canada Life Assurance
        Company and Jefferson Pilot Financial Insurance
        Company

Michael J. Smith
Warren von Schleicher
Smith, von Schleicher & Associates
39 S. LaSalle St., Suite 1005
Chicago, Illinois  60603
(312) 541-0300

**CERTIFICATE OF SERVICE**

      I hereby certify that on December 21, 2007, I electronically filed the foregoing using the CM/ECF system. In addition, I hereby certify that I have served a paper copy of the electronically filed document, via U.S. Mail, postage pre-paid, on the following non-registered attorney(s) of record:

Mr. Roger S. Hutchison
Dobbs & Hutchison
47 W. Polk St., Suite M-2
Chicago, Illinois  60605

                                Respectfully submitted,

                                /s/ Michael J. Smith
                                Smith, von Schleicher & Associates
                                39 S. LaSalle St., Suite 1005
                                Chicago, Illinois  60603
                                (312) 541-0300
                                (312) 541-0933 Facsimile
                                E-Mail: michael.smith@svs-law.com
                                ARDC #2649691